﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191127-45845
DATE: July 31, 2020

ORDER

Entitlement to an effective date earlier than April 13, 2016, for the award of service connection for posttraumatic stress disorder (PTSD) and alcohol dependence disorder is denied.

Entitlement to an effective date earlier than April 13, 2016, for the grant of total disability due to individual unemployability due to service-connected disability (TDIU) is denied.

FINDINGS OF FACT

1. VA received the Veteran’s intent to claim on April 13, 2016, and no document or event memorialized in the claims file warrants an effective date of service connection for a mental health condition earlier than that date.

2. The Veteran’s claim for TDIU arises from his claim for a mental health condition which VA regulations consider to have been received on the date that VA received the Veteran’s April 13, 2016, intent to file, and no document or event memorialized in the claims file warrants an effective date of service connection for a mental health condition earlier than that date.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an effective date earlier than April 13, 2016, for the award of service connection for PTSD and alcohol dependence disorder have not been met. 38 U.S.C. §§ 501, 5107(b), 5110; 38 C.F.R. §§ 3.102, 3.155(b), 3.400.

2. The criteria for entitlement to an effective date earlier than April 13, 2016, for the grant of TDIU. have not been met. 38 U.S.C. §§ 501, 5107(b), 5110; 38 C.F.R. §§ 3.102, 3.155(b), 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from July 1997 to August 2000. These matters come before the Board of Veterans’ Appeals (Board) on appeal from a November 2019 rating decision.

The appellant submitted a request for higher-level review on October 24, 2019, that appeared to reflect the desire to pursue claims for an increased rating for the psychiatric conditions, to include entitlement to a TDIU based on the psychiatric claims alone, and entitlement to special monthly compensation (SMC). The agency of original jurisdiction (AOJ) did not adjudicate the issues of entitlement to an increased rating for the psychiatric condition, to include a TDIU, and SMC included in that October 24, 2019, review request. Therefore, the Board cannot adjudicate those issues. The appellant may resubmit the review request to the AOJ or notify the AOJ that the issues are still pending.

Earlier Effective Dates

The law and facts regarding these claims are nearly identical. Consequently, they can be treated together. The Veteran seeks an effective date earlier than April 13, 2016 for the grants of service connection for PTSD and alcohol dependence disorder and for a TDIU. Neither the Veteran nor his representative has indicated a specific theory as to why an earlier effective date should be granted.

In general, the effective date of service connection for an award is the date that the claim was received and or the date that entitlement arose, whichever comes later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(b)(2)(i). Where a claimant submits an intent to file a claim in one of the ways designated by VA regulations and then submits a completed claim for compensation within one year of that submission, VA will consider the claim filed on the date the intent to file was received. 38 U.S.C. § 501; 38 C.F.R. § 3.155(b). Where, after careful consideration of all procurable data, a reasonable doubt arises as to any point, such doubt will be resolved in favor of the claimant. 38 U.S.C. § 501; 38 C.F.R. § 3.102.

Here, the Veteran’s awards for service connection for his psychiatric conditions upon which his award for a TDIU is currently partially based arise from a claim form that was received in June 2016. A few weeks prior to that submission, the Veteran submitted an intent to file on April 13, 2016. The effective date for the Veteran’s awards for his psychiatric conditions and for a TDIU is set on the date that this intent to file form was received. The record does not indicate an earlier document or event memorialized in the claims file that can be interpreted as a claim for the Veteran’s mental health condition or for a TDIU. Consequently, the Board finds that an effective date earlier than April 13, 2016 is not available under the facts of this case. 38 U.S.C. § 501; 38 C.F.R. §§ 3.155(b), 3.400(b)(2)(i). In reaching this conclusion, the Board has considered the reasonable doubt doctrine, but the evidence of record does not leave reasonable doubt regarding the date of the Veteran’s first filing for service connection for his psychiatric condition on which the awards discussed herein are based. 38 U.S.C. § 501; 3.102.

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Steven H. Johnston, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.